UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HUEY PAUL GARDNER                    CIVIL ACTION NO. 14-cv-0662

VERSUS                               JUDGE WALTER

CITY OF SHREVEPORT, ET AL            MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Huey P. Gardner ("Plaintiff") has filed a dozen civil actions in this court in the last two years.  His prior suits have been dismissed as meritless and recently resulted in judgments that order the Clerk of Court to decline to file any civil complaint filed by Plaintiff unless it is first presented to a district judge who specifically authorizes in writing that the complaint may be filed.  See Gardner v. LSU, 14-cv-0455 and Gardner v. Shreve Memorial Library, 14-cv-0456.

Plaintiff filed this complaint on March 26, 2014, the day before the judgments were signed that enacted the filing prohibition.  Plaintiff complains in this complaint that he was arrested without a warrant on February 11, 2012 and incarcerated in the Caddo Correctional Center for four months.  He complains that the arrest was unlawful because it was made without a warrant.  He requests $10,000,000 in compensatory damages plus $30,000,000 in punitive damages.

This complaint should be dismissed because it is simply a refiling of the complaint that was recently dismissed in Huey Gardner v. Caddo Parish, 12-cv-1917.  Plaintiff raised the same allegations in that civil action regarding an allegedly warrantless arrest.  This court

obtained minutes from the state court that showed that Plaintiff was actually arrested based on a bench warrant that issued when he failed to appear for his arraignment on a charge of battery of a police officer.  Plaintiff was later convicted of that charge and sentenced to six months in jail, with credit for time served.  The undersigned, based on that information, recommended summary judgment be granted sua sponte.  Plaintiff objected but did not present any summary judgment evidence to challenge the facts found in the recommendation. Judgment was entered dismissing the complaint with prejudice.

The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as res judicata.  Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 121 S.Ct. 1808 (2001).  Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a court determination that was essential to the prior judgment, even if the issue recurs in the context of a different claim. Taylor v. Sturgell, 128 S.Ct. 2161, 2171 (2008).  These doctrines preclude parties from contesting matters once they have had a full and fair opportunity to litigate them, and they protect against the expense and vexation of multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by avoiding the possibility of inconsistent decisions.  Id.

A court may raise res judicata sua sponte when the two actions were brought before the same court. LaCroix v. Marshall County, 409 Fed. Appx. 794, 798 (5th Cir. 2011). Dismissal by the court sua sponte on res judicata grounds is permissible in that setting in the

interest of judicial economy.  <u>Boone v. Kurtz</u>, 617 F.2d 435 (5th Cir. 1980).  Sua sponte invocation of the doctrine in this case will well serve the interests of judicial economy and avoid the re-litigation of a complaint already found to be meritless.  The court should dismiss this repetitive complaint based on res judicata.

A separate and distinct basis for dismissal comes from the court's discretion to dismiss a complaint that is duplicative litigation.  <u>Cambridge Toxicology Group, Inc. v. Exnicios</u>, 495 F.3d 169, 178 (5th Cir. 2007).  The court has authority to dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket unless there are special circumstances that favor prioritizing the second suit.  A suit is duplicative when the same proof is needed to support the claims in both suits or, in other words, the facts essential to the second suit were present in the first suit.  <u>Barclay v. Lowe</u>, 131 Fed. Appx. 778 (2d Cir. 2005).  Plaintiff's complaint in this action is definitely duplicative of his prior complaint and should be dismissed pursuant to the court's discretion to dismiss such wasteful actions.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** based on res judicata and the court's discretion to dismiss a complaint that is duplicative litigation.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of April, 2014.

Mark L. Hornsby
U.S. Magistrate Judge